**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MICHAEL COOPER and
PAULA COOPER,

    Plaintiffs,

v.                                            Case No: 5:17-cv-70-Oc-30PRL

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendant.

## ORDER

After being hit by an uninsured driver, Michael Cooper made an uninsured motorist claim with his insurer, Progressive American Insurance Company. Now Mr. Cooper is suing Progressive for UM benefits and for bad faith claims handling. Progressive seeks to dismiss the bad faith count. Because Florida law allows a court to abate rather than dismiss a bad faith count brought contemporaneously with a UM coverage action, the Court concludes the bad faith count should be abated as opposed to dismissed.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v.*

*Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**[1]

The parties agree that the statutory bad faith claim is not ripe since Mr. Cooper's UM claim has not been resolved in his favor and because the amount of damages, if any, are undetermined. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). The parties disagree as to whether the bad faith count should be dismissed or abated. The Florida Supreme Court has explained that either dismissal or abatement is

---

[1] The Coopers argue Progressive's motion should be denied because it did not comply with Local Rule 3.01(g), which requires a good faith conference with counsel prior to filing certain motions. This argument is without merit, though, because Local Rule 3.01(g) does not require the conference prior to filing a motion to dismiss.

appropriate. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016) ("The trial court's approach is consistent with our precedent in *Ruiz,* 899 So.2d at 1130, which allows a bad faith cause of action to be abated.").

The Court, consistent with its past rulings on this issue, considers abatement of the bad faith claim to be the appropriate remedy. *See e.g.*, *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-CV-2717-T-30TGW, 2014 WL 6705414 (M.D. Fla. Nov. 26, 2014) (citing *Allstate Indemnity Co. v. Ruiz,* 899 So.2d 1121, 1130 (Fla. 2005); and *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014)); *see also Sabol v. USAA Casuality Ins. Co.*, No. 5:16-CV-679-OC-30PRL, 2017 WL 238250, at **1–2 (M.D. Fla. Jan. 19, 2017); *McCourt v. Liberty Mut. Ins. Co.*, No. 8:14-CV-2675-T-30AEP, 2014 WL 6607014, at *1 (M.D. Fla. Nov. 19, 2014) (same).

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count III (Doc. 4) is DENIED.

2. The bad faith action in Count III is ABATED until further order of this Court.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of March, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record